UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CEDRIC YOUNG<br><br>　　　　　Plaintiff,<br>　v.<br><br>VICTOR LEON, TOUPONSE, BENOIT, FORTINI<br><br>　　　　　Defendants. | 3:14-CV-01337 (CSH)<br><br>June 2, 2015 |

**RULING ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL DISCOVERY**

**HAIGHT,** Senior District Judge:

In this civil rights action pursuant to 28 U.S.C. §§ 1983 and 1988, the *pro se* plaintiff Cedric Young, now a prisoner at MacDougall-Walker Correctional Institution, claims that Defendants, members of the Waterbury Police Department, violated his federal constitutional rights during his arrest on April 8, 2013, and pretrial detention. Amongst other allegations, Plaintiff claims that Defendants accomplished his arrest through the use of excessive force then denied his requests for medical attention.

This Ruling decides Plaintiff's motion to appoint *pro bono* counsel pursuant to 28 U.S.C. § 1915 (doc. #3), and his motion to compel responses to his January 8, 2015 requests for admissions and demands for document production (doc. #17).

**I**

We turn first to Plaintiff's motion to appoint counsel. The Second Circuit has repeatedly cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390,

396 (2d Cir. 1997). As a threshold matter, the court must determine whether the *pro se* plaintiff is indigent, *see* 28 U.S.C. § 1915(d), whether he has made sufficient efforts to obtain counsel, *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), and whether his "position seems likely to be of substance," *id.* at 61. If those threshold factors are met, the court will go on to consider whether other requirements are satisfied. In that case:

> the court should . . . consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62. A court may also consider the general availability of counsel. *Cooper*, 877 F.2d at 172.

Although Plaintiff has demonstrated that he is indigent and that he has made repeated efforts to obtain the assistance of counsel, the Court is unable to conclude whether, at this early stage, Plaintiff's position "seems likely to be of substance." *Hodge*, 802 F.2d at 61. *See Cooper*, 877 F.2d at 174 (stating that plaintiff must make "a threshold showing of some likelihood of merit"). The Court of Appeals has explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. On the present record, which is comprised principally of the complaint, answer, and Plaintiff's pending motions, the Court cannot gauge the merits of Plaintiff's claims. Accordingly, Plaintiff's motion to appoint counsel will be denied without prejudice to his right to re-file that motion at a later stage of litigation.

**II**

We turn next to Plaintiff's motion to compel discovery. The facts giving rise to that motion

Case 3:14-cv-01337-SRU   Document 21   Filed 06/02/15   Page 3 of 8

are as follows. On January 8, 2015, Plaintiff served Defendants with (1) requests for admission and (2) demands for document production. After the thirty day time-period within which Defendants were required to serve responses expired, Plaintiff sent letters to Defendants' counsel dated, February 13, 2015, and February 25, 2015, advising counsel that the deadline to respond to the discovery requests was past, and notifying counsel of his intention to seek court intervention if responsive discovery was not served. Doc. [17] at 15-17. Defendants did not respond to the letters or immediately serve responses to Plaintiff's discovery requests. *Id.* at 7. On March 13, 2015, Plaintiff filed the instant motion to compel discovery. Defendants did not file a memorandum in opposition to that motion; however, on April 2, 2015, they, somewhat curiously, *filed* their answers to Plaintiff's requests for admission.[1] That errant filing included a certification, signed by Defendants' counsel, stating that a copy of the filing was mailed to Plaintiff on April 2. While it appears, therefore, that Defendants served Plaintiff with answers to his requests for admission, nothing on the present record suggests that Defendants also served Plaintiff with document production or objections thereto.

**A.     Legal Standards**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of

---

[1] The Clerk made a notation that Defendants' filing was entered in error, and in keeping with that notion, advised Defendants that "[d]iscovery is not to be filed with the Court." Doc. [18] and "Docket Entry Correction," dated April 3, 2014.

admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y.1988). "The party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

A party may make a demand to produce any designated relevant documents which are in the "possession, custody, or control" of the party to whom the request is served. Fed. R. Civ. P. 34(a)(1). Unless a shorter or longer time is stipulated to under Rule 29 or ordered by the Court, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*, "a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Pursuant to Fed. R. Civ. P. 36(a)(1) "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either; and . . . the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . ." *Id.* 36(a)(3). A party that has served requests for admissions and received an answer or objection "may move to determine the sufficiency of an answer or objection." *Id.* 36(a)(6).

"Failure to submit a memorandum" in opposition to a motion, including motions under Rule

4

36 and Rule 37, "may be deemed sufficient cause to grant the motion." D. Conn. Loc. R. 7(a).

**B.    Discussion**

With these standards in mind, we note, as an initial matter, that Defendants' failure to submit a memorandum in opposition to Plaintiff's motion to compel is in and of itself sufficient cause to grant the motion. *Id.* In this case, Defendants have failed to respond timely to requests for admissions, and have not responded, at all, to production demands. Their failure to discharge their discovery obligations has left Plaintiff with no choice but to file the instant motion to compel. In these circumstances, we do not hesitate to exercise our prerogative under the Local Rules to grant the motion. *Id.*

Well-settled principles governing discovery practice in federal court direct the same result. As stated above, Rule 36(a)(3) provides in pertinent part that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . ." *Id.* Plaintiff served requests for admission on January 8, 2015. Pursuant to Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 6(e), Defendants' answers or objections were due 32 days later, on February 9. Defendants served untimely answers on April 2. Doc. [18]. Accordingly, the matters asserted in Plaintiff's requests for admission will be deemed admitted.

Defendants' failure entirely to serve Plaintiff with a response or objection to his demands for production is also problematic. "'A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.'" *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, No. 09 cv 4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010). *See Labarbera v. Absolute Trucking, Inc.*, No. 08 cv 4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery

request in a timely manner, a party waives any objection which may have been available."); *Eldaghar v. City of New York Department of Citywide Administrative Services,* No. 02 cv 9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. . . . Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.") (internal quotation marks and citations omitted)); *Cohlan*, 276 F.R.D at 163 (quoting same). As this Court stated recently:

> [A] *complete failure* [to respond to a discovery request] strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing. It provides the propounding party with no evidence at all, no basis to begin to understand the grounds for objection, and thus no basis for a dialogue that might refine and move the discovery process forward. . . .

*Doe v. Mastoloni*, ––– F.R.D. –––, –––, No. 3:14 cv 00718 (CSH), 2015 WL 2452691, at *3 (D. Conn. May 22, 2015) (emphasis in original) (quoting 7 Moore's Federal Practice 3d. § 37.90 (Matthew Bender ed.)). Given Defendants' complete failure to respond Plaintiff's demands for production, much less an explanation on the present motion as to why a response was not served, the Court concludes that Defendants have waived any objections they may have had to Plaintiff's demands for production. Plaintiff's motion to compel document production will therefore be granted.

Under Rule 37(a)(5)(A), if a motion to compel is granted the court "*must*, after giving an opportunity to be heard, require a party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees," and the Court must *not* order such sanction if (among other reasons) the opponent's "nondisclosure . . . was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii) (emphasis added).  As Defendants have neither responded to the instant motion nor explained why they have not produced discovery, we conclude that their nondisclosure is not substantially justified and that there are no other circumstances on the present record making an award of expenses unjust.  While we acknowledge that as a *pro se* litigant, Plaintiff's "out of pocket expenses may be modest (probably merely duplication and mailing costs)," those expenses are nevertheless "recoverable as [a] discovery sanction."  *Vincent v. House*, No. 07 cv 632A (HBS), 2009 WL 2913912, at *5 (W.D.N.Y. Sept. 4, 2009).

### III

For the foregoing reasons, the Court makes this Ruling and Order:

Plaintiff's motion to appoint counsel (doc. #3) is DENIED, without prejudice, to Plaintiff's right to re-file the motion at a later stage of litigation.

Plaintiff's motion to compel discovery (doc. #17) is GRANTED.  By not later than **June 30, 2015**, Defendants shall provide production of all documents in their possession, custody or control that respond to Plaintiff's January 8 demands for document production.  Also on or before **June 30, 2015**, Plaintiff may file and serve an affidavit of his expenses incurred in filing the motion to compel (that is, expenses incurred in connection with doc. #17, only).  Within **fourteen days** of service of that affidavit, Defendants may file and serve a response stating why their failure to respond to Plaintiff's demands for document production should not result in the sanctions prescribed by Fed. R. Civ. P. 37(a)(5)(A).

In accordance with Fed. R. Civ. P. 36(a)(3), the matters asserted in Plaintiff's January 8

requests for admissions are deemed admitted. Pursuant to Fed. R. Civ. P. 36(b), Defendants may filed a motion, on or before **June 16, 2015**, stating why the Court should "permit[] the admission to be withdrawn or amended." *Id.* Failure to file such a motion within the time-frame prescribed may be deemed a waiver of Defendants' right to withdraw or amend the admissions.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         June 2, 2015

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge