UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CEDRIC YOUNG<br><br>               Plaintiff,<br>   v.<br><br>VICTOR LEON, TOUPONSE, BENOIT, FORTINI<br><br>               Defendants. | 3:14-CV-01337 (CSH)<br><br><br>August 6, 2015 |

**RULING AND ORDER**

<u>**HAIGHT,**</u> Senior District Judge<u></u>:

In September 2014, *pro se* plaintiff Cedric Young commenced this action against four defendants, Waterbury Police Officers Victor Leon, Touponse, Benoit and Fortini. Pending are four motions filed by the plaintiff.

**I.      Motion for Leave to Amend and Motion to Withdraw [Docs. #19 & #27]**

On April 20, 2015, the plaintiff sought leave to amend his complaint to include additional parties and facts. He included a proposed amended complaint with his motion. About one month later, the plaintiff moved for leave to file a second amended complaint. The proposed second amended complaint is similar to the proposed amended complaint but includes various exhibits. On June 29, 2015, the plaintiff moved to withdraw his first proposed amended complaint.

As the first proposed amended complaint has not been docketed and has never been the operative complaint in this case, the Court construes the plaintiff's motion as a request to withdraw his first motion to amend. The motion to withdraw will be granted and the first motion to amend will be withdrawn.

**II.     Motion for Leave to Amend [Doc. #20]**

The plaintiff seeks leave to add four defendants. He has learned of their involvement through discovery. The plaintiff claims that the newly added defendants participated in a conspiracy to violate his constitutional rights by covering up the wrongdoing of the other defendants. Specifically, he alleges that defendant Lanese falsified information in the police report by stating that he was one of the responding officers and signed the report in place of defendant Leon. In spite of this false report, defendant Desena approved the use of force report. Defendant Desena was the supervisor summoned to the scene of the incident and, therefore, was aware that defendant Leon and not defendant Lanese was present during the incident. The plaintiff further alleges that, in furtherance of the cover-up, defendant Sackett falsely stated that the plaintiff refused medical care and signed a form waiving medical care. Finally, the plaintiff alleges that defendant Alvelo falsified the medical waiver form and forged the plaintiff's signature.

The defendants oppose the motion on the ground that the plaintiff fails to allege facts to put the defendants on notice as to the claims against them. Upon review, the Court notes that the proposed amended complaint and original complaint contain the same level of specificity. The allegations set forth above clearly are sufficient to put the newly added defendants on notice of the claims against them. If the defendants require additional information, they may request it through discovery or a motion for more definite statement.

At the same time that they object to the lack of allegations, the defendants argue that the proposed amended complaint contains too much information and, therefore, does not constitute a short and plain statement of the claim as required under Rule 8, Fed. R. Civ. P. The Court liberally construes documents submitted by *pro se* litigants. *See Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d

Cir. 2008). In this case, the Court finds the proposed amended complaint sufficient to put the defendants on notice of the claims asserted against them. The plaintiff's second motion to amend will be granted.

### III.     Motion for Extension of Time to Conduct Discovery [Doc. #22]

The plaintiff seeks an extension of time to conduct discovery in this case. An enlargement of the discovery deadline is appropriate in light of the fact that the Court is granting the plaintiff leave to amend the complaint and assert claims against additional parties. The plaintiff's motion for extension of time to conduct discovery will be granted.

### IV.     Conclusion

The plaintiff's motion to withdraw [**Doc. #27**] is **GRANTED** and his first motion to amend [**Doc. #19**] is **WITHDRAWN**.

The plaintiff's motion for extension of time to conduct discovery [**Doc. # 22**] is **GRANTED**.

The plaintiff's second motion to amend [**Doc. #20**] is **GRANTED** over defendants' objection. The Clerk is directed to docket the proposed second amended complaint.

**The Clerk shall** mail waiver of service of process request packets containing the second amended complaint to each new defendant, S. Lanese, J. Desena, P. Sackett and Jose Alvelo, in his individual capacity c/o the Waterbury Police Department, 255 East Main Street, Waterbury, CT 06702-2389, within **twenty-one (21) days** of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

In light of the foregoing, the SCHEDULING ORDER is reset as follows. Defendants shall answer or otherwise respond to the second amended complaint by **October 1, 2015**. All discovery shall be completed by **November 2, 2015**. Motions for summary judgment may be filed on or before **December 2, 2015**. Separate trial memoranda shall be filed by **January 4, 2016**, or within thirty days after the Court rules on any motion for summary judgment, whichever is later. The case will be trial ready by **February 3, 2016**, or thirty days after the filing of the trial memoranda, whichever is later.

It is SO ORDERED.

Dated:   New Haven, Connecticut
           August 6, 2015

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge